UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JACKSON and
ALICIA JACKSON,

    Plaintiffs,                              CASE NO. 09-10867
                                           HON. LAWRENCE P. ZATKOFF

v.

TARGET CORPORATION,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on September 23, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgment (Docket #11). Plaintiffs filed a response, to which Defendant replied. The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion is DENIED.

**II. BACKGROUND**

In this negligence action, there are many material facts in dispute. For example, and most significantly, Defendant disputes that Plaintiff Michael Jackson's (in this Opinion and Order,

"Plaintiff" means only Michael Jackson) alleged injury even occurred at Defendant's store. Nonetheless, as the Court must: (a) view all facts in a light most favorable to the non-moving party when considering a summary judgment motion, and (b) not weigh the credibility of the witnesses, the facts set forth in this Opinion and Order at all times reflect Plaintiff's version of the events at issue.

On August 8, 2006, Plaintiff was a delivery driver for McKesson Corporation ("McKesson"). Plaintiff's job was to deliver pharmaceutical products from the McKesson distribution center in Livonia, Michigan, to various hospitals and pharmacies. At approximately 1:15 p.m., Plaintiff was completing a delivery to Defendant's store in Sterling Heights, Michigan, when a receiving bay door at the store fell and struck Plaintiff on the head. Kathy Klatt ("Klatt"), a Receiving Specialist at Defendant's store, screamed, asked Plaintiff if he was all right and then asked Plaintiff if he wanted to file an accident report. Plaintiff told Klatt that he did not want to file an accident report.

Plaintiff then got in his truck, called his supervisor at McKesson and told his supervisor that he had been hit by the receiving bay door. Plaintiff told his supervisor that he could finish his route that day, and Plaintiff did so. When Plaintiff returned to McKesson at the end of the day, he filled out a McKesson accident report (but Plaintiff has never filed an accident report with anyone affiliated with Defendant). Plaintiff declined to go to McKesson's clinic at that time, but he visited the emergency room at Henry Ford Medical Center-Fairlane for back pain the next day (August 9, 2006). Plaintiff also went to a Concentra Medical Center for back pain two days later (August 10, 2006), after he had returned to work with restrictions. Plaintiff continued to work at McKesson until September 12, 2006, when he took off work because his symptoms (back pain) grew worse. McKesson began paying Plaintiff workers' disability compensation on September 13, 2006.

2

Plaintiff generally has been disabled since that time.

## III. LEGAL STANDARD

As recently stated by the Sixth Circuit:

> Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). In considering a motion for summary judgment, we must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

*Spees v. James Marine, Inc.*, – F.3d –, Case No. 09-5839, 2010 WL 3119969, at *6 (6th Cir., August 10, 2010).

## IV. ANALYSIS

In its summary judgment motion, Defendant asserts that this cause of action should be dismissed with prejudice because: (1) there is no evidence as to how or why the receiving bay door at Defendant's store fell on August 8, 2006, and (2) the theory of how the accident occurred, as set forth by Plaintiff's expert, is not grounded in the facts of this case. The Court disagrees.

**A.     Applicable Law**

In order to establish a prima facie case of negligence, a plaintiff must present admissible evidence sufficient to prove:

(1)     defendant owed a duty to plaintiff;

(2)     defendant breached the duty owed;

(3) defendant's breach was a proximate cause of plaintiff's injury; and

(4) plaintiff suffered damages.

*Berryman v. Kmart Corp.*, 193 Mich.App. 88, 91-92 (1992). Defendant contends that Plaintiff cannot establish the proximate cause element of his negligence claim.

Proximate cause requires proof of two separate elements: (a) cause in fact, and (b) legal cause, also known as "proximate cause." *Skinner v. Square D Co.*, 445 Mich. 153, 162-63 (1994). In order to establish the "cause in fact" element, Plaintiff must present substantial evidence, which may include circumstantial proof, from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's alleged injury/damages would not have occurred. *Weymers v. Khera*, 454 Mich. 639, 647-48 (1997); *Skinner*, 445 Mich. at 164-65. To be adequate, a plaintiff's circumstantial proof must facilitate reasonable inferences of causation, not mere speculation. *Skinner*, 445 Mich. at 164. Speculation or conjecture on the causal element is insufficient to raise a genuine issue of material fact. *Stefan v. White*, 76 Mich. 654, 661 (1977).

A shop owner is liable to an invitee for an injury that occurs on the owner's premises:

(a) where the active negligence of the owner or the owner's employees creates an unsafe condition that is the proximate cause of the injury, or

(b) if the condition results from other causes, the owner may be liable if:

(I) the owner knows of the condition,

(ii) the condition is of a character that the owner should have known of it, or

(iii) the condition has existed for a sufficient length of time that the owner should have known of it.

*Berryman,* 193 Mich.App. at 92-93. *See also Serinto v. Borman Food Stores*, 380 Mich. 637, 640-41 (1968); *Whitmore v. Sears, Roebuck & Co.*, 89 Mich.App. 3, 7-8 (1979). In a negligence suit, a

4

plaintiff has the burden of proving that a shop owner breached its duty. *Berryman,* 193 Mich.App. 91-92.

**B.      Evidence Regarding the Falling Door**

Defendant asserts that Plaintiff has no idea why the receiving bay door suddenly fell on August 8, 2006, and that Plaintiff does nothing other than to argue that the cause must somehow have been the fault of Defendant. Specifically, Defendant cites Plaintiff's testimony that:

1. Plaintiff did not open or otherwise handle the receiving bay door that day;

2. The receiving bay door was open when Plaintiff arrived at Defendant's store that day;

3. The receiving bay door was open past the top of Plaintiff's truck;

4. Plaintiff completed his delivery, exited the store, put his dolly in his truck, got out of the back of his truck, pulled the door of his truck down, squatted down to put the padlock on the door of his truck, then stood up and turned around, at which time he was struck on the head by the receiving bay door;

5. Plaintiff did not hear anything that indicated the receiving bay door was moving;

6. Plaintiff did not look at the receiving bay door after the door hit him or see anything that indicated that there was anything on the receiving bay door or its tracks was broken;

7. Plaintiff did not see anyone touching the door when the incident occurred; and

8. Plaintiff did not have any idea why the door suddenly came down and struck him.

Therefore, Defendant contends that Plaintiff has no proof of any event attributable to Defendant that would have caused the door to fall on him.

Plaintiff argues that there is a genuine issue of material fact as to the cause of the receiving bay door falling down on him. First, he argues that two of his co-workers testified that they also had, on separate occasions, experienced the same receiving bay door come down and strike them.

Darryl Wood, a co-worker of Plaintiff, testified that the same receiving bay door feel on him no more than a month or two after Plaintiff was injured. Tracey Hursey, another of Plaintiff's co-workers, stated that the receiving bay door fell on her approximately two months after Plaintiff was injured. Significantly, however, the door did not fall on Ms. Hursey or Mr. Wood until after it fell on Plaintiff. As such, even if a Defendant representative observed the door fall on Ms. Hursey and/or Mr. Wood, those events could not have served as notice to Defendant regarding any problems with that door prior to the date it allegedly fell on Plaintiff.

Plaintiff next argues that evidence of the receiving bay door falling existed prior to August 8, 2006, and that Defendant knew about those problems. Plaintiff and Ms. Hursey independently stated that they observed problems with the receiving bay door prior to August 8, 2006. Ms. Hursey testified that she had witnessed the door falling down more than 20 times prior to that date, and Plaintiff testified that he had observed the receiving bay door come down many times, including as recently as two weeks prior to the accident at issue. Likewise, both Plaintiff and Ms. Hursey testified that Klatt often used a stick to push the receiving bay door up to a fully open position. Ms. Hursey also testified that Klatt sometimes would even laugh about having to use the stick to push open the door. For purposes of deciding this motion, it is also significant that Plaintiff stated that he did not open, close or move the receiving bay door and that he did not hear or observe any activity that would have caused the receiving bay door fell on him that day. In a light most favorable to Plaintiff, the non-moving party, the foregoing testimony of Ms. Hursey and Plaintiff constitutes circumstantial evidence that Defendant was negligent for failing to address the known problems with the receiving bay door (*i.e.*, that the door kept falling down/not staying up) and that such failure was the cause in fact of that door falling down on Plaintiff on August 8, 2006.

6

Finally, the Court disagrees with Defendant's contention that the instant case is analogous to, and should be dismissed for the same reasons set forth in, a recent case decided by the Michigan Court of Appeals. *See Boyer v. Target*, Case No. 251790 (Mich. Ct. App. 2005). In *Boyer*, the court stated:

> Plaintiff claims that she reached up to a fireplace display at defendant's store to turn around a price tag hanging from the fireplace screen. The fireplace screen toppled toward her, bringing down a display of fireplace utensils . . . [and] one of the utensils hit her right arm and shoulder. Plaintiff claims no knowledge regarding how or why the fireplace screen toppled . . .
>
> . . . Plaintiff did not testify that she pulled the string or otherwise moved the fireplace screen on top of her. While this testimony conveniently exonerates plaintiff from any negligence, it fails to explain how the admittedly heavy piece of furniture fell from its overhead shelf. . . . Plaintiff may not create a genuine issue of fact by simply arguing that the equipment jumped off the shelf.
>
> \* \* \* \* \*
>
> Here, the display of the equipment was not within defendant's exclusive control, but within the control of plaintiff and countless other shoppers. A plaintiff may not simply claim ignorance of the impetus of an accident, make baseless guesses at why the accident happened, and still expect to prevail on a negligence claim. . . . We fail to see how a display, in itself, presents an unreasonable risk of danger to anyone. It follows that defendant was not required to warn its customers of the nonexistent danger, and the trial court correctly granted defendant's motion for summary disposition.

In this case, unlike in *Boyer*, there is testimony that the receiving bay door had fallen on many occasions prior to the date of the accident and that Defendant's representative, Klatt, knew about this problem with the door. As such, there is evidence that Defendant knew that the door presented an unreasonable risk of danger to Defendant's invitees who entered or left Defendant's store via the receiving bay door.

Based on the foregoing, the Court concludes that Plaintiff has set forth admissible evidence that Defendant was more likely than not responsible for the receiving bay door falling on Plaintiff on August 8, 2006, *i.e.*, Plaintiff has established a genuine issue of material fact whether Defendant was the proximate cause of the injury he suffered that day.

**C.     Plaintiff's Expert**

Defendant also argues that the theory that the cause of the accident was attributable to Defendant, as expressed by John Scates, Plaintiff's expert, is not grounded in the facts of the case.[1] Mr. Scates opined that the receiving bay door fell on Plaintiff on August 8, 2006, due to a mechanical problem with the door. More specifically, Mr. Scates testified that a "drift" was responsible for the door falling down unexpectedly. A "drift" means that the door would slide back down from an open position "because the counterbalance in the door spring is not sufficiently adjusted."

Like Plaintiff, the Court finds that the facts of this case are sufficiently similar to a recent case decided by the Michigan Court of Appeals involving a falling door, such that the Court must deny Defendant's motion for summary judgment. *See Ekstrom v. Troy Honda*, Case No. 196434, 1997 Mich.App. LEXIS 2028 (Mich.Ct.App. 1997). In *Ekstrom*, the Court discussed an affidavit of the plaintiff's expert, as follows:

---

[1] Defendant contends that Mr. Scates does not qualify as an expert pursuant to Federal Rule of Evidence 702. Based on the qualifications of Mr. Scates set forth in Plaintiff's brief, Mr. Scates' affidavit and his curriculum vitae (all of which the Court must consider in a light most favorable to Plaintiff), the Court finds that, for purposes of deciding Defendant's summary judgment motion only, Mr. Scates meets the requirements necessary to be qualified as an expert pursuant to Rule 702. In the event this case goes to trial, of course, Plaintiff will have the burden of establishing that Mr. Scates does, in fact, meet the requirements of Rule 702 before he is permitted to give opinion testimony.

> In order to withstand summary disposition of his premises liability claim, plaintiff, as an invitee, was required to present evidence that Troy Honda failed to exercise reasonable care to protect him from dangerous conditions that might result in injury. *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 90 . . . (1992). * * * *
>
> Here, plaintiff's expert, Russell Carniak, stated in an affidavit that, although he could not state with certainty the exact cause of the accident due to the disposal of the old parts, the existing evidence suggested that the door was installed incorrectly, and that the door was not properly maintained. Additionally, Carniak opined that one or more of the above defects more probably than not caused plaintiff injuries. In addition to this expert testimony, plaintiff presented evidence that Troy Honda did not perform regular maintenance on the garage door that fell and injured plaintiff.

*Id*. at *7-8. As discussed above, in this case there is evidence that the receiving bay door had fallen down from its open position (and/or not stayed up when opened) on numerous occasions prior to the accident and that Klatt used a stick to push the door up on occasion. Based on this evidence, the Court concludes that there was a factual basis upon which Mr. Scates could base his theory that, due to Defendant's negligence, the receiving bay door drifted from its open position and fell on Plaintiff on August 8, 2006.

**D.   Conclusion**

For the reasons set forth above, the Court concludes that there is a genuine issue of material fact: (1) whether Defendant was the cause in fact of Plaintiff's injury, and (2) as such, whether Defendant was negligent. Accordingly, the Court denies Defendant's motion for summary judgment.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, the Court DENIES Defendant's Motion for Summary Judgment (Docket #11).

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: September 23, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 23, 2010.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290