UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JACKSON and
ALICIA JACKSON,

    Plaintiffs,                         CASE NO. 09-10867
                                          HON. LAWRENCE P. ZATKOFF

v.

TARGET CORPORATION,

    Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on February 15, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on the following Motions in Limine:

A.    Defendant's Motion to Prohibit Evidence Regarding the Alleged Post Accident Behavior of the Door in Question (Docket #16);

B.    Defendant's Motion to Prohibit a Claim of Lay Witness Opinion Testimony Regarding Closed Head Injury (Docket #17);

C.    Defendant's Motion to Prohibit Testimony by Plaintiffs' Liability Expert, John E. Scates (Docket #18);

D.    Defendant's Motion to Prohibit Testimony by Plaintiffs' Damages Expert, M. Barry Grant (Docket #19);

E.    Plaintiffs' Motion to Prohibit the Introduction of the Issue of Comparative (Contributory) Negligence (Docket #24);

F.    Plaintiffs' Motion to Exclude any Issue of Mitigation of Damages at Trial (Docket #25); and

      G.      Plaintiffs' Motion to Prohibit Introduction of the Issue that the Condition of the Door was Open and Obvious (Docket #26).

With respect to each such Motion, the non-moving party filed a response, but the moving party did not file a reply. The Court finds that the facts and legal arguments pertinent to the Motions are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, (1) Defendant's Motion to Prohibit Evidence Regarding the Alleged Post Accident Behavior of the Door in Question is GRANTED IN PART, DENIED IN PART and the balance of the Motion is taken under advisement, (2) Defendant's Motion to Prohibit a Claim of Closed Head Injury is GRANTED, and (3) the other five Motions are DENIED.

## II. ANALYSIS

**A.**    **Post Accident Behavior of the Door in Question**

Defendant first moves the Court to bar the testimony of two witnesses, Tracey Hursey ("Ms. Hursey") and Darryl Wood ("Mr. Wood"). Each of Ms. Hursey and Mr. Wood has given deposition testimony that the door that allegedly fell on Plaintiff Michael Jackson ("Mr. Jackson") on August 8, 2006, subsequently struck her/him. Ms. Hursey testified that she was struck about two months after Mr. Jackson, and Mr. Wood testified that he was struck sometime in August and September 2006 (*i.e.*, within a month or two of the door falling on Mr. Jackson). Defendant argues that these subsequent events are not probative of whether Defendant had notice of an alleged condition prior

to the incident alleged by Mr. Jackson[1] and would be prejudicial to Defendant because a jury would confuse a post-incident event with whether Defendant had prior notice. In support of its argument, Defendant offers the following quote from *McCormick, Evidence*, Section 200, p. 475 (1972) (emphasis supplied by Defendant):

> An injury occurring from a newly arising peril before the owner has learned of or had a reasonable opportunity to appreciate the danger, would not be actionable. This restriction on liability widens the scope of evidence by offering an additional theory for receiving proof of other accidents and injuries. **Here, of course, is one instance where the other happening must have occurred *before* the injury sued for.**

The Court, of course, agrees that the alleged subsequent accidents involving the door in question striking Ms Hursey and Mr. Wood are not probative of, and could not be introduced for the purpose of, demonstrating that Defendant had notice of the condition of the door prior to the date Mr. Jackson was struck by the door.

Plaintiffs offer two reasons in support of the admissibility of Ms. Hursey's and Mr. Wood's testimony that they were subsequently struck by the same door as Mr. Jackson. First, Plaintiffs rely on the "similar occurrences" rule. "The admission of evidence of similar occurrences is subject to the reasonable discretion of the trial court. . . . To be admissible, such evidence must be substantially similar to the occurrence in question [so as to be relevant]." *Anderson*, 894 F.2d at 813 (citations omitted). The two reported Sixth Circuit cases cited by Plaintiffs, *Croskey v. BMW of North Am., Inc.*, 532 F.3d 511, 518 (6th Cir. 2008), and *Anderson v. Whittaker Corp.*, 894 F.2d 804, 813 (6th

---

[1] In this case, Defendant is the owner, but not the manufacturer, of the product. As such, in order for Plaintiffs to succeed on their claim of negligence, Plaintiff must prove that Defendant had notice of the condition. *Whitmore v. Sears, Roebuck & Co.*, 89 Mich.App. 3 (1979).

Cir. 1990), involve "accidents [that] occurred under similar circumstances or share the same cause" and occurred prior to the incidents at issue in those cases. In the instant case, however, the accidents which may constitute similar occurrences happened subsequent to the accident involving Mr. Jackson. Accordingly, the Court finds Plaintiffs' reliance on *Croskey* and *Anderson* unpersuasive.

The Sixth Circuit has noted, however, that "[t]he state of the law regarding the admissibility of prior or subsequent similar accidents has been described as [being] in 'a state of hopeless disorder[.]'" *See Bush v. Michelin Tire Corp.*, 963 F.Supp. 1436, 1451(W.D. Ky. 1996) (quoting *Bryan v. Emerson Elec. Co.*, 856 F.2d 192, 1988 WL 90910, at *4 (6th Cir. 1988) (where the court failed to distinguish between the two types of accidents)). Likewise, "Judge Weinstein similarly makes no distinction between the admissibility of prior and subsequent accidents. *Weinstein on Evidence*, Section 1:401[10]." *Bush*, 963 F.Supp. at 1451. In *Bush*, the district court held that "subsequent actions which are substantially similar to the one at issue are admissible to show causation and the dangerousness of the product at the time of the manufacture." *Id.* Thus, the district court ruled that "[p]laintiffs must lay a foundation showing that the subsequent . . . accidents were substantially similar in circumstances to the [plaintiffs'] accident so as to be relevant."

As in *Bush*, the Court finds that, if the subsequent occurrence(s) of the door striking Ms. Hursey and/or Mr. Wood are "substantially similar to" the incident when the door allegedly struck Mr. Jackson, such subsequent occurrence(s) would be relevant and admissible on the issue of causation. As the district court in *Bush* stated, however, the burden is on the Plaintiffs to establish a foundation that shows the subsequent incidents were substantially similar in circumstances to the incident involving Mr. Jackson. Accordingly, the Court orders Plaintiffs to file, on or before February 18, 2011, a description of each subsequent incident Plaintiffs believe occurred under

conditions substantially similar to those under which the door allegedly fell on Mr. Jackson. To the extent that Defendant desires to file a response to Plaintiffs' filing, Defendant shall file its response on or before February 22, 2011.

Defendant also argues that neither Ms. Hursey nor Mr. Wood saw the door come down and strike her/him because they both had their backs to the door at the time. Thus, Defendant argues that, because Ms. Hursey and Mr. Wood did not see what happened, their conclusions or opinions as to what happened are speculative and inadmissible as opinion testimony by lay witnesses. The Court agrees that neither Ms. Hursey nor Mr. Wood can offer opinion testimony about what caused the door to fall on her/him. In the event that the Court determines that Ms. Hursey and/or Mr. Wood can testify that she/he was struck by the door, however, the Court concludes that Ms. Hursey and/or Mr. Wood can testify whether or not she/he: (1) had observed, on any occasion subsequent to August 8, 2006, a time when the door did not stay up/fell down, (2) was struck by the door, (3) caused the door to come down on the day she/he was struck, and (4) observed anyone else cause the door to come down on the day she/he was struck.

Second, Plaintiffs note that two of Defendant's employees, Kathy Klatt (one of Defendant's receiving clerks, hereinafter "Ms. Klatt") and Brandon Vertrees (the building specialist in charge of the store where the incident occurred, hereinafter "Mr. Vertrees"), will be called as witnesses. Ms. Klatt and Mr. Vertrees allegedly will testify that they were never aware of any problems with the door falling - either on August 8, 2006 (the date of the incident) or at any time before or after that date. If Ms. Klatt and/or Mr. Vertrees offer testimony that they never aware of any problems with the door falling, Plaintiffs would have the right to call Ms. Hursey and/or Mr. Wood as rebuttal witnesses on that issue. Moreover, Plaintiffs will have the right to call Ms. Hursey and/or Mr. Wood

5

as rebuttal witnesses even if the Court ultimately rules that Ms. Hursey and Mr. Wood would not be permitted to testify about the incidents in Plaintiffs' case-in-chief pursuant to the similar occurrences rule.

Finally, Defendant moves the Court to preclude Plaintiff's liability expert, John Scates, from testifying about his inspection of the door in December 2009, as that event was so remote from the date of the accident (more than 3 years later) as to be irrelevant. Defendant also contends that any evidence that Mr. Scates might offer is more prejudicial than probative because the door was in constant use during the years from the time of the alleged incident until Mr. Scates looked at the door. The Court finds that, in the event Mr. Scates can testify as an expert at witness at trial (see below), the basis for Defendant's request involves the credibility and weight that should be afforded the testimony Mr. Scates offers. As such matters are within the province of the jury, the Court rejects Defendant's argument.

For the reasons set forth above, the Court:

(1) denies Defendant's motion insofar as it seeks to preclude Mr. Scates from testifying or seeks to preclude Ms. Hursey and/or Mr. Wood from testifying as a rebuttal witnesses if Ms. Klatt and/or Mr. Vertrees testify that they were not aware of any problems with the door falling,

(2) grants Defendant's motion insofar as it seeks to preclude Ms. Hursey and Mr. Wood from offering opinion testimony,

(3) takes under advisement Defendant's motion insofar as it seeks to preclude Ms. Hursey and/or Mr. Wood from testifying about being struck by the door, and

(4) orders Plaintiffs to file, on or before February 18, 2011, a description of each subsequent incident Plaintiffs believe occurred under conditions substantially similar to those under which the door allegedly fell on Mr. Jackson.

**B.    Claim of Closed Head Injury**

Defendant has asked the Court to enter an order prohibiting a claim of closed head injury by Mr. Jackson or lay opinion testimony regarding such an injury. Plaintiffs respond that: (1) there is no claim that Mr. Jackson has a closed head injury, and (2) Mr. Jackson has only stated that he suffers from headaches and difficulty with his memory. Accordingly, the Court grants Defendant's motion to preclude a claim for closed head injury or lay opinion testimony regarding such an injury.

**C.    Plaintiffs' Liability Expert John E. Scates**

Defendant argues that the expert opinion testimony of John E. Scates should be precluded for several reasons, including that: (1) his theory as to causation is speculative, (2) there is a lack of evidence regarding the position of the receiving bay door or what started the door moving, and (3) no scientific study or literature supports his opinion. As Plaintiffs assert, however, the Court previously addressed and rejected these arguments in rendering the Opinion and Order denying Defendant's motion for summary judgment. Moreover, the Court is not presently persuaded by Defendant's argument that Mr. Scates should be precluded from testifying; whether he may testify as an expert witness and what he may testify about at trial shall be determined at trial. Accordingly, the Court denies without prejudice Defendant's motion to prohibit Mr. Scates from testifying as an expert on liability.

**D.    Plaintiffs' Damages Expert M. Barry Grant**

Defendant moves the Court to preclude the testimony of M. Barry Grant as a damages expert for Plaintiffs. Defendant does not appear to challenge the qualifications of Mr. Grant. Instead, Defendant argues that Mr. Grant's testimony will not be based on facts in this case and will consist solely of his speculation. Specifically, Defendant states that:

(1)    Mr. Grant's calculation of damages is speculative because the overtime work (and pay) that he contemplated for Plaintiff Michael Jackson would not have existed

>
> and/or would have been involved fewer hours and a lower rate of pay; and
>
> (2) The "replacement services" damages calculated by Mr. Grant were not based on any evidence in the record.

Plaintiffs respond that what Defendant is really arguing is the weight the fact finder should accord Mr. Grant's opinions, not the admissibility of his testimony. The Court agrees. First, it appears from deposition testimony that there is some evidence upon which Mr. Grant could base his opinions. Second, assuming that the deposition testimony of many witnesses will be repeated at trial, determinations regarding the credibility of those witness's testimony and Mr. Grant's testimony, as well as the weight to be accorded such testimony, are within the province of the jury. Accordingly, the Court denies Defendant's motion to prohibit Mr. Grant from testifying as an expert on damages.

**E.      Comparative Negligence**

Plaintiffs argue that Defendant should be prohibited from offering any evidence of comparative (contributory) negligence of Mr. Jackson because: (1) Defendant failed to raise this as an affirmative defense, and (2) there is no factual basis to support any such defense. The Court finds that both of Plaintiffs' arguments lack merit. First, in its affirmative defenses, Defendant asserted that "any alleged damages sustained by the plaintiffs were proximately caused, totally or in part, by plaintiffs' negligence and/or willful acts . . ." Although Defendant did not use the words "comparative" or "contributory," Defendant assertion that the injuries suffered were caused by Mr. Jackson's negligence means the same thing. Second, at his deposition, Mr. Jackson testified that he knew of problems with the door before the accident, including such detail as saying that Ms. Klatt used a stick to push the door up until it caught. These statements constitute evidence that would support the theory that Mr. Jackson's actions (or inactions) contributed to his injury occurring. In

addition, there is evidence in the record that Mr. Jackson told at least one physician that the door struck him after he (Mr. Jackson) had lifted it up; that evidence also would support a claim that Mr. Jackson's negligence contributed to his injury. Accordingly, the Court denies Plaintiffs' motion to prohibit Defendant from raising the issue of contributory or comparative negligence.

**F.     Mitigation of Damages**

Plaintiffs argue that Defendant should be prohibited from raising the issue of Plaintiffs' duty to mitigate injuries and/or damages because: (1) Defendant failed to raise this as an affirmative defense, and (2) there is no factual basis to support any such defense. The Court again finds that both of Plaintiffs' arguments lack merit. First, in its affirmative defenses, Defendant asserted that "[a]ll, or portions, of plaintiffs' Complaint are barred for the failure of plaintiffs to take every reasonable step to prevent, and/or mitigate the damages and injuries alleged." Second, there is evidence in the record that Mr. Jackson: (1) initially refused treatment when he reported the accident to his employer, (2) left the emergency room the night of the incident because it was "too crowded," and (3) has refused surgery that allegedly would correct his back problem. Each of those items constitutes evidence that could be used to support an argument that Mr. Jackson and/or Plaintiffs failed to mitigate his and/or their injuries and damages. Accordingly, the Court denies Plaintiffs' motion to prohibit Defendant from raising the issue that Plaintiffs failed to mitigate their injuries and/or damages.

**G.     Open and Obvious Condition of the Door in Question**

Plaintiffs argue that Defendant should be prohibited from offering any evidence that the condition of the door at the time that it fell on Mr. Jackson was open and obvious because: (1) Defendant failed to plead that affirmative defense, and (2) there is no factual or legal basis to support

any such defense.  The Court finds that both of Plaintiffs' arguments lack merit.  First, in its affirmative defenses, Defendant denied that it owed a duty to Mr. Jackson and reserved the right to assert such defenses as were revealed by discovery.  If Defendant elects to defend this action by arguing that the condition of the door was open and obvious, Defendant would be arguing that it owed no duty to Mr. Jackson (*i.e.*, an affirmative defense pled by Defendant).  Second, at his deposition, Mr. Jackson testified that he knew of problems with the door before the accident, including such detail as saying that Ms. Klatt used a stick to push the door up until it caught.  These statements constitute evidence that would support an open and obvious defense.  Accordingly, the Court denies Plaintiffs' motion to prohibit Defendant from raising the issue of the open and obvious condition of the door.

### III. CONCLUSION

Accordingly, and for the reasons set forth above, the Court:

A. GRANTS IN PART, DENIES IN PART and TAKES UNDER ADVISEMENT Defendant's Motion to Prohibit Evidence Regarding the Alleged Post Accident Behavior of the Door in Question (Docket # 16);

B. GRANTS Defendant's Motion to Prohibit a Claim of Lay Witness Opinion Testimony Regarding Closed Head Injury (Docket #17);

C. DENIES Defendant's Motion to Prohibit Testimony by Plaintiffs' Liability Expert, John E. Scates (Docket #18);

D. DENIES Defendant's Motion to Prohibit Testimony by Plaintiffs' Damages Expert, Barry Grant (Docket #19);

E. DENIES Plaintiffs' Motion to Prohibit the Introduction of the Issue of Comparative (Contributory) Negligence (Docket #24);

F. DENIES Plaintiffs' Motion to Exclude any Issue of Mitigation of Damages at Trial (Docket #25); and

  G. DENIES Plaintiffs' Motion to Prohibit Introduction of the Issue that the Condition of the Door was Open and Obvious (Docket #26).

In addition, the Court hereby ORDERS Plaintiffs to file, on or before February 18, 2011, a description of each subsequent incident Plaintiffs believe occurred under conditions substantially similar to those under which the door allegedly fell on Mr. Jackson.

  IT IS SO ORDERED.

            S/Lawrence P. Zatkoff
            LAWRENCE P. ZATKOFF
            UNITED STATES DISTRICT JUDGE

Dated: February 15, 2011

## CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 15, 2011.

            S/Marie E. Verlinde
            Case Manager
            (810) 984-3290