UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JACKSON and
ALICIA JACKSON,

    Plaintiffs,                                      CASE NO. 09-10867
                                                      HON. LAWRENCE P. ZATKOFF

v.

TARGET CORPORATION,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on February 24, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

On February 15, 2011, the Court issued an Opinion and Order regarding various motions in limine. Therein, the Court took under advisement Defendant's Motion to Prohibit Evidence Regarding the Alleged Post Accident Behavior of the Door in Question (Docket # 16) insofar as it sought to preclude Ms. Hursey and/or Mr. Wood from testifying about being struck by a receiving bay door at Defendant's store.  The Court also ordered Plaintiffs to file a supplemental pleading in support of their claim that the events that Tracey Hursey and Darryl Wood would testify to regarding the receiving bay door were "substantially similar" to those the events described by Michael Jackson that would support his claim. Plaintiffs timely filed their supplemental pleading.  Defendant did not file a response to Plaintiffs' supplemental pleading within the time period designated by the Court.

The Court has reviewed Plaintiffs' supplemental filing, and the Court concludes that the events pertaining to the receiving bay door about which Ms. Hursey and Mr. Wood will testify are

substantially similar to those events that are relevant to Plaintiffs' claims. The Court reaches its conclusion based on: (1) the deposition testimony of Michael Jackson, Ms. Hursey and Mr. Wood set forth in the supplemental pleading; (2) the affidavit of John Scates, who purportedly will testify about a condition known as "drift"; and (3) the fact that Defendant's maintenance engineer has testified that no repairs were made to the receiving bay door during the time period about which those witnesses will testify.

Therefore, as set forth in the Court's February 15, 2011, Opinion and Order, Ms. Hursey and/or Mr. Wood can testify at trial as to whether or not she/he: (1) observed, on any occasion prior to or subsequent to August 8, 2006, a time when the door did not stay up/fell down, (2) was struck by the door, (3) caused the door to come down on the day she/he was struck, and (4) observed anyone else to cause the door to come down on the day she/he was struck.

Accordingly, and for the reasons set forth above, the Court hereby DENIES Defendant's Motion to Prohibit Evidence Regarding the Alleged Post Accident Behavior of the Door in Question (Docket # 16) insofar as it seeks to preclude Ms. Hursey and/or Mr. Wood from testifying about being struck by the door.

IT IS SO ORDERED.

       s/Lawrence P. Zatkoff  
       LAWRENCE P. ZATKOFF  
       UNITED STATES DISTRICT JUDGE

Dated: February 24, 2011

2

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 24, 2011.

            s/Marie E. Verlinde
            Case Manager
            (810) 984-3290